

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:                    Attention:  Mr. Truman Holladay,
                                         Chief Accountant

                             Opinion No. O-4526
                             Re:  Accounting method concerning
                                  cash transactions under Sec-
                                  tion 6, Senate Bill 135, Acts
                                  1939, 46th Legislature.

        In your letter of April 7, 1942, you refer to our
opinion No. O-1552, approved December 14, 1939, and wish to
be advised if the opinion permits you to record cash trans-
actions arising under Senate Bill 135, 46th Legislature, under
the following proposed plan of accounting:

        "(1)  Maintain as at present in the Bond
              Division of the Treasury Department
              all detailed records and accounts of
              all deposits and withdrawals of both
              currency and securities under S. B.
              135.

        "(2)  Maintain in the Treasurer's General
              Ledger a control account for 'Secu-
              rities Pledged to and Held in Trust
              for Mutual Assessment Associations.'

        "(3)  Establish a new special fund in the
              Treasurer's Fund Ledger styled 'State
              Treasurer Trustee - Mutual Assessment
              Associations' to record receipts and
              withdrawals of currency deposited
              under S. B. 135.  This fund together
              with the General Ledger account of
              securities pledged would form the con-
              trol for detailed records maintained

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

by the Bond Division. Identical records
would be set up by the State Comptroller.

"Currency receipts deposited in the new
State fund would be so deposited under Deposit
Warrant issued by the State Comptroller. These
receipts would be placed on deposit by the Trea-
surer in eligible depository banks under present
restriction.

"Withdrawals of cash by Associations would
be delivered in the form of a State Warrant, re-
quested by the Treasurer, issued by the Comp-
troller and signed by the Treasurer. When such
warrant is properly endorsed, paid and cancelled
by the Treasurer, a permanent and lasting record
would be held by the State of each such cash
transaction.

"With sound accounting procedure, audit and
control in mind, we sincerely request your ad-
vice in making the change outlined above."

The Legislature has not enacted any recent stat-
utes relating to the record books kept by the State Treasurer
specifically relating to the cash trust deposits authorized
under Section 6, Article 5068-1, Vernon's Annotated Civil
Statutes. It is apparent therefore that the Legislature con-
templated the present records, such as, the general ledger,
a daily posting journal, cash balancing books and securities
register (Articles 4381, 4385, 4391 and 4393, Vernon's Re-
vised Statutes), as available in which to set up proper accounts
under an appropriate accounting method covering the cash de-
posits in question. Article 4379b, Vernon's Annotated Civil
Statutes, passed at the same session of the Legislature in
which Senate Bill 155 was passed, does not apply to the cash
deposits involved in our opinion No. O-1552 and here under dis-
cussion. As stated in this opinion, these deposits are "for
the protection of the public generally" . . . and held "in trust
as a special fund for the purposes set out in said statute."
Such funds are to be distinguished from funds belonging to
municipalities or political sub-divisions, suspense or state
funds. We find no provision for the Comptroller or his office
to exercise any authority over the cash funds in question,
through the keeping of any record, drawing warrants or other-
wise.

As to the above statements quoted from your letter setting forth the proposed accounting method, we are not to be understood as approving or disapproving any one or more of such steps in the procedure outlined. We simply disapprove the proposed accounting method in its entirety as same seeks to apply the procedure applicable to State funds to the funds in question by authorizing their deposit in State depositories and subject to warrants drawn by the Comptroller of the State.

It is therefore the opinion of this department that such an accounting method for use by the State Treasurer which contemplates and requires the use of warrants issued by the Comptroller or his accounting records is not authorized or applicable to the cash funds deposited under the provisions of Section 6, Article 5068-1, Vernon's Annotated Civil Statutes. Our opinion No. O-1522 is not to be so interpreted as authorizing such method or as permitting such funds to be deposited under the State Depository Law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 9, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. R. King
Assistant

WJRK:GO


APPROVED
OPINION COMMITTEE
BY
CHAIRMAN